UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL BLACKMON,

    Petitioner,

v.                                                                 Case No: 2:20-cv-356-SPC-NPM

SECRETARY, FLORIDA
DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## **AMENDED[1] OPINION AND ORDER**[2]

Before the Court are Michael Blackmon's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1), Request to Expand the Record (Doc. 10), and Traverse (Doc 11), which the Court interprets as a motion for an evidentiary hearing.

### I.    Request to Expand the Record

Petitioner asks the Court to expand the record to include exhibits attached to his state post-conviction motion filed under Florida Rule of Criminal Procedure 3.850. (Doc. 10). Respondent agrees the omitted exhibits

---

[1] The Court amends its original Order (Doc. 15) to deny a certificate of appealability under Section 2254 Rule 11.

[2] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

should be included in the record and has submitted them for the Court's consideration. (Doc. 13). The Court grants Petitioner's request and accepts the supplemental exhibits as part of the record.

## II.  Habeas Petition

28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, sets a one-year period of limitations to the filing of a habeas petition by a person in state custody. This limitation period runs from the latest of:

>  (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>  (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>  (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>  (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Petitioner does not allege, nor does it appear from the pleadings or the record, that the statutory triggers in subsections (B)-(D) apply. Thus, the limitations period began to run on the date Petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled for "[t]he time during which a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

On December 11, 2008, Petitioner pled no contest to sexual battery with a deadly weapon and was sentenced to a 25-year prison term with a 15-year mandatory minimum. (Doc. 9-1 at 7-10, 45-47). On December 15, 2008, Petitioner filed a Motion to Modify the Sentence to remove the mandatory minimum. (*Id.* at 55). The trial court granted the motion and modified Blackmon's sentence on February 13, 2009. (*Id.* at 57). Petitioner did not appeal his conviction and sentence, so they became final on March 16, 2009, when the 30-day period to file a direct appeal expired. *See Gonzalez v. Thaler,* 565 U.S. 134, 137 (2012). The one-year limitations period then ran for **358 days**.

On March 9, 2010, Petitioner constructively filed a Motion for Postconviction Relief, tolling the statute of limitations. (Doc. 9-1 at 57). The postconviction court denied the motion. (*Id.* at 75). The Second District Court of Appeal of Florida (2nd DCA) affirmed. (*Id.* at 135). The tolling period ended on June 6, 2011, when the 2nd DCA issued its mandate. (*Id.* at 137). Seven days later, on **June 13, 2011**, the AEDPA's statute of limitations period expired.

Petitioner then filed several *pro se* postconviction motions in state court. They did not toll the statute of limitations because it had already run, but they

3

are important for the Court's analysis. Petitioner constructively filed a postconviction motion on August 15, 2012 (*Id.* at 139), and another on December 17, 2012 (*Id.* at 150). The postconviction court denied both as untimely. (*Id.* at 147-48, 265-272). Petitioner appealed the second denial, filing his appeal brief on January 2, 2014. (*Id.* at 327). The 2nd DCA affirmed. (*Id.* at 367). Petitioner constructively filed a *pro se* Motion to Vacate Voidable Judgment on February 5, 2015. (*Id.* at 372). The postconviction court denied it. (*Id.* at 383-87).

Petitioner constructively filed his Habeas Petition on May 12, 2020, well after expiration of the statute of limitations. Respondent moves to dismiss the Petition as untimely. Petitioner seeks equitable tolling based on mental impairment. Petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (internal quotations marks and citation omitted).

There is no doubt that Petitioner suffers from mental illness. The record includes diagnoses of depression and antisocial personality disorder (*See* Doc. 13-1 at 123). He also claims to suffer from schizophrenia and multiple personality disorder. (Doc. 11 at 1). But mental impairment, "without more, is insufficient to justify equitable tolling." *Lawrence v. Florida,* 421 F.3d 1221, 1227 (11th Cir. 2005). Petitioner must "establish a causal connection between

4

his alleged mental incapacity and his ability to file a timely petition." *Id.* at 1226-27. He cannot meet this burden.

Petitioner's participation in state postconviction proceedings shows he could have filed a habeas petition in the years following his conviction. Petitioner proved capable of litigating on his own behalf from August 2012 to February 2015, but he did not diligently pursue his rights in federal court. Thus, even if some period of mental impairment caused a brief delay, it cannot explain why Petitioner waited more than ten years after his conviction became final to seek federal habeas relief. Petitioner is not entitled to equitable tolling. *See Amodeo v. United States*, 799 F. App'x 728, 731 (11th Cir. 2020) (rejecting equitable tolling based on mental impairment because the petitioner's postconviction filings demonstrated his ability to litigate on his own behalf).

### III. Evidentiary Hearing

Petitioner asks the Court to hold a hearing, which, he claims, "would establish a causal connection [between] his current mental condition…and his ability to stay diligent as well as timely." (Doc. 11 at 3). The Court has discretion on whether to hold a hearing on equitable tolling "because § 2244 does not require a hearing on the issue of time-bar or equitable tolling." *Spears v. Warden*, 605 F. App'x 900, 905 (11th Cir. 2015) (citation and quotation marks omitted). "While an evidentiary hearing may be necessary where material facts are in dispute, an evidentiary hearing is not required where no basis

5

exists to believe that further inquiry would help the petitioner prove entitlement to equitable tolling." *Id.*

The Court finds a hearing would be futile. The record conclusively demonstrates that Petitioner was able to litigate—at least from August 2012 through February 2015—and that he did not diligently pursue his rights in federal court. His current mental condition, not matter how impaired, cannot excuse his lack of diligence during a time he demonstrated the capability to litigate on his own behalf. The Court denies Petitioner's request for an evidentiary hearing.

## DENIAL OF CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Blackmon has not made the requisite showing

6

here and may not have a certificate of appealability on any ground of his Petition.

Accordingly, it is now

**ORDERED:**

(1) Petitioner Michael Blackmon's Request to Expand the Record (Doc. 10) is **GRANTED**.

(2) Blackmon's Traverse (Doc. 11)—interpreted as a motion for a hearing—is **DENIED**.

(3) Blackmon's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DISMISSED**.

(4) The Clerk is **DIRECTED** to terminate all deadlines and motions, enter judgment, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on June 9, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record